UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES MATHEW HARRIS                                                                                     PETITIONER

VERSUS                                                          CIVIL ACTION NO. 3:11-cv-435-CWR-FKB

STATE OF MISSISSIPPI                                                                                    RESPONDENT

## MEMORANDUM OPINION

This cause comes before this Court, *sua sponte*. Petitioner James Mathew Harris, #67709, an inmate at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed on July 18, 2011, the instant Notice of Removal [1], pursuant to 28 U.S.C. §§ 1441and 1443. This Court entered an Order [3] directing Petitioner to provide a copy of the entire state court record of the state court action which he is requesting to be removed. In his Response [5] filed August 22, 2011, to the Court's Order [3] entered on August 8, 2011, Petitioner refers to his Addendum [4] he filed on August 8, 2011, indicating that he is seeking to remove *Harris v. State*, No. 2010-M-01383 (Miss. Sup. Ct. 2011) concerning the Mississippi Supreme Court denying his Motion for Recusal *En Banc* and his Motion for Leave to File in the Trial Court his Motion for Post-Conviction Collateral Relief to this Court.

**I. Background**

Petitioner states in his Notice [1] that he was convicted on or about May 20, 2003, in the Circuit Court of Rankin County, Mississippi, of burglary of a dwelling and was sentenced as a habitual offender to 25 years. He appealed his conviction to the Mississippi Court of Appeals and his conviction and sentence were affirmed in *Harris v. State*, 907 So.2d 972 (Miss. 2005). Petitioner filed with the Mississippi Supreme Court a Motion for Leave to Proceed in the Trial Court with his Motion for Post-Conviction Collateral Relief challenging his sentence as being

illegal in *Harris v. State of Mississippi*, No. 2010-M-01383 (Miss. Sup. Ct. 2011). Notice [1-1] p. 15-19. The Mississippi Supreme Court denied Petitioner's Motion for Leave to File his Motion for Post-Conviction Collateral Relief in the trial court in *Harris v. State,* No. 2010-M-01383 without reaching the merits of his claim and according to Petitioner, his Motion for Recusal *En Banc* was also denied. *Id*. p. 15. As a result, Petitioner files this Notice of Removal [1] so that he can pursue his claim that he has been illegally sentenced as a habitual offender.

II. Analysis

Having liberally construed the allegations of the instant Notice [1], and Petitioner's Addendum [4] filed August 8, 2011, and Response [5] filed on August 22, 2011, to this Court's order [3] entered on August 8, 2011, this Court has determined, as discussed below, Petitioner's Notice of Removal [1] is not well taken and does not present a valid basis for federal jurisdiction. Therefore, the Notice [1] will be denied and this case will be dismissed with prejudice.

The federal court is required to screen any case in which a prisoner is requesting redress from a governmental entity. *See* 28 U.S.C. § 1915A(a). Petitioner in the instant civil action is presently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, and is seeking relief from the State of Mississippi. Therefore, an initial review of Petitioner's civil action is necessary.

Petitioner asserts in his Notice of Removal [1] that this Court has jurisdiction to consider his claims arising out of his Motion for Leave to File in the Trial Court his Motion for Post-Conviction Relief which he filed in the Mississippi Supreme Court and was subsequently denied by that State court. A civil or criminal action may be removed by a defendant from State court to federal district court as forth in 28 U.S.C. §§ 1441 and 1443, and in the proper procedural manner as required by 28 U.S.C. § 1446.

Petitioner states in his Notice [1] that this Court has jurisdiction of his claim pursuant to 28 U.S.C. §§ 1441and 1443. This Court finds Petitioner's argument without merit. As an initial matter, "only a defendant, not a plaintiff, may remove a civil action from state to federal court." *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982). Because the Petitioner is not a defendant in the State court case which he is seeking to remove, there are no bases for removal jurisdiction pursuant to section 1441.

Petitioner further asserts that his Notice [1] meets the requirements of 28 U.S.C. § 1443. He relies specifically on section 1443(1). Notice [1] at p. 5. Once again, Petitioner's claim is without merit. Section 1443(1) requires that the state civil or criminal case Petitioner is seeking to be removed be *pending*, which is not the case in the instant civil action.[1] Consequently, the Notice of Removal [1] cannot be granted pursuant to 28 U.S.C. § 1443(1).

Finally, this Court finds that Petitioner has not met the procedural requirements for removal under 28 U.S.C. § 1446. This Court finds that Petitioner was not the defendant in the state court proceeding he is seeking to remove to this Court as required by 28 U.S.C. § 1446 (a) and (b). As for Petitioner's attempt to remove a state criminal matter, this Court has determined that more than 30 days have lapsed since his arraignment. *See* 28 U.S.C. § 1446(c)(1). This Court has determined that Petitioner has not demonstrated good cause for failure to timely file his notice of removal. *See In Re Piskanin*, 408 Fed. App'x 563, 565, 2010 WL 4358398, at *2 (3rd

---

[1] As previously mentioned, Petitioner was convicted and his conviction and sentence were affirmed. *See Harris v. State*, 907 So.2d 972 (Miss. 2005). Hence, as far as this case is concerned, Petitioner does not have a pending criminal matter in state court. Additionally, the Petitioner's case concerning his Motion for Leave to File in the Trial Court his Motion for Post-Conviction Relief is no longer pending as a result of the Mississippi Supreme Court denying same. *See Culbert v. State*, 800 So.2d 546, 550 (Miss. Ct. App. 2001)(citing *Craft v. State*, 766 So.2d 92, 94 (Miss. Ct. App. 2000)(holding that a post-conviction relief suit is a civil action).

Cir. Nov. 4, 2010)(finding that a removal petition filed after a conviction was "plainly . . . untimely under 28 U.S.C. § 1446(c)(1)"). *See also Bradford v. State*, 235 Fed. App'x 313, 314, 2007 WL 2298108, at *1 (5th Cir. Aug. 9, 2007)(finding that allegations of civil rights violations, including racial discrimination, was not good cause for failing to file a timely notice of removal).

To the extent this Court could construe the Notice [1] as a request for habeas relief, this Court finds that Petitioner has previously filed for habeas relief in this Court in *Harris v. Lee*, No. 3:05-cv-574-WHB-LRA (S.D. Miss. Jan. 26, 2007). In the previous habeas civil action, Respondent filed an answer and a copy of the state court record. On January 26, 2007, this Court entered a Final Judgment [21] dismissing the habeas action with prejudice. According to the docket entries in *Harris v. Lee*, No. 3:05-cv-574-WHB-LRA , Petitioner did not file a notice of appeal to the United States Court of Appeals for the Fifth Circuit.

Since Petitioner has previously filed a habeas attacking his 2003 conviction as a habitual offender for burglary of a dwelling in this court, the instant petition is deemed to be second or successive. Before filing a second or successive petition, Petitioner should file a motion in the United States Court of Appeals for the Fifth Circuit requesting that an order be entered authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit must authorize the filing of the second/successive petition in the district court before such a petition may be considered by this district court. *Id.* Because the Fifth Circuit has not authorized Petitioner to file this second/successive habeas claim in this district court, this district court lacks jurisdiction to construe the Notice [1] as a request for habeas relief. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999)); *United States v. Rich*, 141 F.3d 550, 554 (5th Cir. 1998).

**III. Conclusion**

For the reasons discussed above, the Notice of Removal [1] is denied and this civil action is dismissed with prejudice. *See Nichols v. Cain*, 122 Fed. App'x 161, 2005 WL 419485, at *1 (5th Cir. Feb. 23, 2005)(finding that the district court dismissing a petition for removal of state court action was proper).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 9th day of November, 2011.

                Carlton W. Reeves
                UNITED STATES DISTRICT JUDGE